## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: )
) CASE NO. 17 B 14997
Darnell Jackson, ) Judge Hon. Schmetterer
) CHAPTER 13
)

### ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.  The Parties**

1. The Debtor is Darnell Jackson ("Debtor").

2. The Creditor is Real Time Resolutions, Inc ("Creditor").

**B.  Factual Background**

1. On or about May 12, 2017, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Debtor owns the real estate commonly known as 408 Warren Street, Calumet City, IL 60409 ("Subject Property").

3. Ocwen Loan Servicing, LLC holds a first mortgage lien on the Subject Property with a secured claim of $78,036.92 pursuant to the proof of claim number 8.

4. The Creditor holds a second mortgage lien on the Subject Property in the approximate amount of $17,070.16 pursuant to the proof of claim number 5.

5. Debtor's attorney obtained property comparables which show the value of the Subject Property to be $38,300.00.

6. The Modified Chapter 13 Plan filed on November 16, 2017, provides that the Debtor will make monthly payments to the Chapter 13 Trustee in the amount of $420.00 per month and general unsecured creditors to be paid 10.00% of their allowed claims.

7. On September 20, 2017, Debtor filed a motion pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Creditor's lien on Debtor's property.

8. That on September 20, 2017, a copy of the Notice of Motion and Motion to Determine Value of Claim 5 Secured by a Lien on Estate Property was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Creditor.

10. To date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $38,300.00.

13. The first secured claim of Ocwen Loan Servicing, LLC exceeds the value to the Subject Property and leaves no equity.

14. There is no value and equity to support the claim of the Creditor.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured lien on the Subject Property in the amount of $78,036.82, and the second secured lien in the amount of $17,070.16.

5. That the value of Debtor's residence is $38,300.00.

6. To the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void…" *11 U.S.C. § 506(d)*. If a Debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: JAN 17 2018  1/17/18

Enter: _____
United States Bankruptcy Judge

The Semrad Law Firm, LLC
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625